UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CARLOS VALDOVINOS-DIAZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. CV 18-5940 BHS

ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the Court on Petitioner-Defendant Carlos Valdovinos-Diaz's ("Petitioner") motion under Fed. R. Civ. P. 60(b). Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL & PROCEDURAL HISTORY

On January 22, 2015, Petitioner entered a guilty plea to charges of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) ("count six"). *United States v. Valdovinos-Diaz*, 14-5159BHS, Dkts. 151–152. On April 27, 2015, the Court sentenced Petitioner to a total term of 102 months of incarceration, which included a mandatory consecutive 60-month sentence for

count six pursuant to § 924(c)(1)(A)(i). *Id.*, Dkt. 257 at 1. On May 28, 2015, the Court entered an amended judgment of conviction. *Id.*, Dkt. 326.

Petitioner subsequently challenged his conviction through two motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his first motion, Petitioner asserted that he was sentenced under the Armed Career Criminal Act ("ACCA") and that his conviction should be vacated under *United States v. Johnson*, 135 S. Ct. 2551, 2563 (2015), which held the ACCA's residual clause definition of violent felony unconstitutionally vague. *Valdovinos-Diaz v. United States*, 16-5510BHS, Dkts. 1, 1-1. The problem with that argument, however, was that Petitioner was not sentenced under the ACCA. Instead, this Court imposed his sentence on count six for using a firearm in furtherance of a drug trafficking crime, and not a violent felony, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Although Petitioner's first § 2255 motion could not have succeeded on the merits for this reason, the Court denied the motion as procedurally defaulted because Petitioner failed to raise the issue on direct appeal. 16-5510BHS, Dkt. 4 at 5.

In his second § 2255 motion, Petitioner argued that § 924(c)'s residual clause definition of "crime of violence" is unconstitutionally vague under the Supreme Court's rulings in *Johnson* and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2019). Dkt. 1. The Court denied the motion after determining that it was a "second or successive" motion which the Court lacked jurisdiction to hear. Dkt. 6. Even so, the Court also noted that authority interpreting the definition of "crime of violence" in connection with a § 924(c) firearms offense had no bearing whatsoever on Petitioner's conviction because Petitioner was convicted of possessing a firearm in connection with a <u>drug trafficking crime</u>. *Id.* at 5–6;

*see also* 14-5159BHS, Dkt. 326 (convicting defendant of possessing a firearm in furtherance of a drug trafficking crime). On April 23, 2019, the Court entered judgment on Petitioner's second § 2255 motion in favor of Respondent United States of America ("the Government"). Dkt. 7.

On August 19, 2019, Petitioner sought leave to file a second or successive § 2255 motion from the Ninth Circuit Court of Appeals. *Valdovinos-Diaz v. United States*, No. 19-72160, Dkt. 1. On September 20, 2019, the Circuit denied the motion. *Id.*, Dkt. 2.

On November 25, 2019, Petitioner filed the instant motion seeking relief pursuant to Fed. R. Civ. P. 60(b). Dkt. 8.[1] Petitioner argues that a new rule announced in *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*") presents an "extraordinary and exceptional" reason justifying the reopening of his case. *Id.* at 1. On December 11, 2019, the Government responded. Dkt. 9. Petitioner did not reply.

## II.  DISCUSSION

Petitioner requests relief from judgment under Fed. R. Civ. P. 60(b) ("Rule 60"). A court may relieve a party from a final judgment or order under Rule 60 for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[1] It is unclear whether Petitioner seeks relief from the Circuit's order denying him authorization to file a second or successive § 2255 motion, or from his underlying criminal conviction challenged by his previous § 2255 motions. *See* Dkt. 8 at 2. Therefore, the Court addresses each theory of relief.

>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Rule 60(b).

The Government argues that Petitioner's motion "should be treated as a second or successive 2255 petition." Dkt. 9 at 1. The Government further contends that because the Ninth Circuit has expressly denied [Petitioner] authorization to file a second or successive petition, this Court should deny his motion for lack of jurisdiction. *Id.*

District courts lack jurisdiction to review "second or successive" motions filed under 28 U.S.C. § 2255 absent authorization from the appropriate court of appeals. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); 28 U.S.C. § 2255(h). When an earlier federal habeas petition is dismissed "on the merits," any subsequent petition challenging the same judgment of conviction or sentence constitutes a second or successive petition. *Magwood v. Patterson*, 561 U.S. 320, 333 (2010). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citation omitted).

The Government's assertion that Petitioner's Rule 60(b) motion is an improper, successive § 2255 motion relies heavily on *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Supreme Court held that a Rule 60(b) motion is proper in the context of a federal habeas proceeding when the motion attacks a defect in the integrity of the habeas proceeding. *Id.* at 532–34. Conversely, the Supreme Court held that a Rule 60(b) motion

is improper where it seeks to add a new ground for habeas relief or attacks a previous resolution of a claim on the merits. *Id.* at 531–32 ("although labeled a Rule 60(b) motion, [the pleading] is in substance a successive habeas petition and should be treated accordingly.") (citation omitted).

In this case, Petitioner either seeks to overturn the Circuit's recent ruling denying him authorization to file a second or successive motion or to overturn his underlying criminal judgment under Rule 60(b). Dkt. 8. Neither aim, however, is cognizable.

First, Petitioner cannot circumvent the Circuit's ruling through a Rule 60(b) motion filed in this Court. Simply put, nothing in Rule 60(b) would authorize this Court to vacate an order entered by the Circuit on a motion filed in the Circuit court.

Second, if it is indeed a successive § 2255 motion, this Court lacks jurisdiction to determine Petitioner's 60(b) motion seeking to vacate his criminal judgment. *Calderon*, 274 F.3d at 1274. In his motion, Petitioner does not point out any defect in his habeas proceedings. Dkt. 8. Instead, he advances a new argument to invalidate his conviction under § 924(c). *Id.* Section 924(c) authorizes heightened criminal penalties for using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, any federal "crime of violence *or* drug trafficking crime." § 924(c)(1)(A) (emphasis added). In *Davis*, the Supreme Court held that the statutory definition of the term "crime of violence" was unconstitutionally vague. 139 S. Ct. at 2336. Petitioner does not explain why the holding in *Davis* pertaining to firearm convictions based on violent crimes justifies his relief from his § 924(c) conviction based on his possession of a firearm in connection with a <u>drug trafficking crime</u>. Thus, even if Petitioner's motion could succeed

on the merits, which, as explained, it could not, he advances a new argument for habeas relief in the motion. Therefore, the Court construes the motion as a "second or successive" motion for purposes of § 2255. *Gonzalez*, 545 U.S. at 531–32.

The Court previously decided Petitioner's first § 2255 motion on the merits. 16-5510BHS, Dkt. 6 at 4; *see also McNabb*, 576 F.3d at 1029 (holding that a dismissal due to a procedural default and failure to show cause and prejudice overcoming that default is a disposition on the merits). Although Petitioner's argument under *Davis* would have failed, nothing prevented him from raising it in his first petition. *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (if a new petition raises claims that could have been adjudicated on the merits in a previous petition, the petition is considered "second or successive") (citing *Calderon*, 274 F.3d at 1273). Consequently, the Court construes Petitioner's Rule 60(b) motion as his third § 2255 motion and finds that the motion is "second or successive" for purposes of the federal habeas statute.

Without preauthorization from the Circuit, this Court lacks jurisdiction to determine Petitioner's third § 2255 motion. 28 U.S.C. § 2255(h). The Circuit has expressly denied that authorization. *Valdovinos-Diaz*, No. 19-72160, Dkt. 2. As a result, Petitioner fails to demonstrate that the Circuit authorized this Court's consideration of his third § 2255 motion. Therefore, the Court must deny the motion for lack of jurisdiction. *Calderon*, 274 F.3d at 1274.

For the same reasons, and because no reasonable jurist would disagree with this Court's conclusions, Petitioner shall not be granted a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, an evidentiary hearing is not required

because "the files and records of the case conclusively show" that Petitioner is not entitled to relief. 28 U.S.C. § 2255(b).

### III. ORDER

Therefore, it is hereby **ORDERED** that Petitioner's motion for relief under Rule 60(b), Dkt. 8, is **DENIED,** and a certificate of appealability is **DENIED**.

Dated this 14th day of February, 2019.

BENJAMIN H. SETTLE
United States District Judge